934 So.2d 495 (2005)
Franklin PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-217.
District Court of Appeal of Florida, Third District.
March 30, 2005.
Martin L. Roth, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, for appellee.
Before FLETCHER, WELLS, and SUAREZ, JJ.
*496 FLETCHER, Judge.
Franklin Perez appeals from the trial court's denial of postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
On June 30, 1997, Perez, a citizen of Nicaragua, pleaded guilty to the third degree felony of accessory after the fact. Prior to taking the plea the trial court advised Perez that "[T]he law requires that I advise you that it is possible that the immigration authorities could take some action against you, such as throwing you out of the country. I doubt that will happen, but the possibility exists. Do you understand that?" [January 27, 1997 Plea Colloquy at 6; Appellant's Motion to Vacate, Exhibit C at 6]. Perez answered, "Yes," and went on to voluntarily and intelligently take the plea.
Several years later, in August 2004, the United States Immigration and Naturalization Service served Perez with a Notice to Appear, citing his status as an alien and his 1997 conviction. Perez then moved to vacate his plea in state court, claiming that the trial court gave him insufficient warning of possible deportation consequences of his plea. We conclude, however, that the trial court's deportation warning fulfilled the requirements of Florida Rule of Criminal Procedure 3.172(c)(8).[1] The warning did not use vague language; although the trial court did not use the exact wording of the rule, the warning clearly apprised Perez that one of the possible consequences of his plea was deportation.
Affirmed.
NOTES
[1] The rule requires that a trial court, when determining the voluntariness of the plea, shall inform the defendant "that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service."